UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| YOANDY FERNANDEZ-MORALES,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>HALLING, *et al.*,<br><br>　　　　　　　　　　Defendants. | Case No. 3:23-CV-00490-MMD-CLB<br><br>**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**[1]<br><br>[ECF No. 24] |

This case involves a civil rights action filed by Plaintiff Yoandy Fernandez-Morales ("Fernandez-Morales") against Defendants Joseph Benson, Nethanjah Breitenbach, Kyle Day, Brandt Halling, Jessica Rambur, and Megan Sullivan (collectively referred to as "Defendants"). Currently pending before the Court is Defendants' motion to dismiss. (ECF Nos. 24, 30.) Fernandez-Morales responded, (ECF No. 31), and Defendants replied. (ECF No. 32.) For the reasons stated below, the Court recommends that Defendants' motion to dismiss, (ECF No. 24), be denied.

**I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Fernandez-Morales is an inmate of the Nevada Department of Corrections ("NDOC"). Fernandez-Morales initiated this action on October 5, 2023, for actions that occurred while he was incarcerated at the Northern Nevada Correctional Center ("NNCC"), by filing a complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.)

Fernandez-Morales's complaint alleges that he injured his right ankle after C/O Halling confiscated his medically prescribed cane. He further alleges that despite complaining of severe pain, he did not receive an x-ray or pain medication until approximately one month after his injury and he did not receive an MRI until approximately four months after his injury. (ECF No. 8.) The District Court screened Fernandez-

---

[1] This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

Morales's complaint and allowed him to proceed on an Eighth Amendment deliberate indifference to serious medical needs claim against Defendants and dismissed with prejudice a Fourteenth Amendment administrative grievance process claim. (ECF No. 7.)

Defendants filed the instant motion to dismiss arguing Fernandez-Morales's complaint should be dismissed because Defendants are entitled to qualified immunity. (ECF No. 24.)

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss on the grounds that a complaint "fail[s] to state a claim upon which relief can be granted." A complaint challenged "by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations" but requires plaintiff to provide actual grounds for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Generally, a motion to dismiss pursuant to Rule 12(b)(6) tests the "legal sufficiency of the claim." *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). In assessing the sufficiency of a complaint, all well-pleaded factual allegations must be accepted as true, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and "view[ed] . . . in the light most favorable to the" nonmoving party. *Lemmon v. Snap, Inc.*, 995 F.3d 1085, 1087 (9th Cir. 2021).

The Ninth Circuit has found that two principles apply when deciding whether a complaint states a claim that can survive a 12(b)(6) motion. First, to be entitled to the presumption of truth, the allegations in the complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Second, so that it is not unfair to require the defendant to be subjected to the expenses associated with discovery and continued litigation, the factual allegations of the complaint, which are taken as true, "must *plausibly* suggest an entitlement to relief." *Id.* (emphasis added).

///

Dismissal is proper only where there is no cognizable legal theory or an "absence of sufficient facts alleged to support a cognizable legal theory." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 965 (9th Cir. 2018) (quoting *Navarro*, 250 F.3d at 732). Additionally, the court takes particular care when reviewing the pleadings of a *pro se* party, because a less stringent standard applies to litigants not represented by counsel. *Garmon v. Cnty. of Los Angeles*, 828 F.3d 837, 846 (9th Cir. 2016).

## III.  DISCUSSION

In his complaint, Fernandez-Morales sues Defendants Correctional Officer ("C/O") Halling, Medical Supervisor Rambur, Warden Breitenbach, C/O Days, Director of Nursing Sullivan, and Doctor Benson. (ECF No. 8.) Fernandez-Morales alleges that on May 30, 2023, around 4:30 P.M., as Fernandez-Morales was leaving Chow House A with other inmates, C/O Halling stood at the exit with other C/Os and stopped Fernandez-Morales. (*Id.* at 4.) Because Fernandez-Morales does not speak English, another inmate named Dominguez interpreted for Fernandez-Morales. (*Id.*) C/O Halling demanded that Fernandez-Morales give C/O Halling his medically prescribed cane. (*Id.*) Fernandez-Morales observed the other C/Os laughing, and as a result, asked if C/O Halling was joking. (*Id.*) In response, C/O Halling stated that he was not joking, and instructed Fernandez-Morales to hand C/O Halling his cane. (*Id.*) Fernandez-Morales explained that his cane was medically prescribed, that he could not walk upright without it, and that he may fall without his cane. (*Id.*)

C/O Halling did not believe Fernandez-Morales and stated that he had seen Fernandez-Morales walking in the unit. (*Id.* at 4-5.) Fernandez-Morales informed C/O Halling that he typically uses his cane for long distances. (*Id.* at 5.) Fernandez-Morales had a medical order authorizing the use of his cane at his unit and offered to get the medical order to show to C/O Halling. (*Id.*) C/O Halling replied that Fernandez-Morales should "move along or face the consequences." (*Id.*) Fernandez-Morales complied, gave his cane to C/O Halling, and during the long walk back to his unit, Fernandez-Morales's right foot stopped working. (*Id.*) Fernandez-Morales collapsed in front of the main

entrance of Unit 2. (*Id.*) Fernandez-Morales twisted his right ankle. (*Id.*)

Other inmates assisted Fernandez-Morales by escorting him back to his unit. (*Id.*) C/O David observed Fernandez-Morales's fall, informed staff that there was a "man down" medical emergency and requested a medical response. (*Id.*) After 45 minutes, Nurse Sue arrived, examined Fernandez-Morales's foot, and observed swelling, sensitivity, extreme inflammation, and darkish or purple discoloration. (*Id.*) Nurse Sue ordered an x-ray for the next morning and prescribed Tylenol for the pain and ice for the swelling. (*Id.*)

The next day, on May 31, 2023, however, Fernandez-Morales was not taken to receive an x-ray and was not given pain medication or ice for his injury. (*Id.* at 10.) Fernandez-Morales filed an emergency grievance. (*Id.*) C/O Day responded that because Fernandez-Morales did not have a medical order for a walking device, it was not an emergency and Fernandez-Morales would be scheduled for an appointment. (*Id.*) Fernandez-Morales asserts that he was in severe, excruciating pain with a swollen right ankle. Id. He asserts that his injury made it difficult to complete normal daily activities. (*Id.* at 7.)

On June 1, 2023, Fernandez-Morales submitted a second emergency grievance. (*Id.* at 10.) C/O Day responded that Fernandez-Morales received a wheelchair on that day but did not indicate whether Fernandez-Morales would receive pain medication or other treatment. (*Id.* at 11.) On June 6, 2023, Fernandez-Morales submitted a third emergency grievance describing his pain and symptoms, but his grievance was ignored. (*Id.*) On June 8, 2023, Fernandez-Morales submitted a fourth emergency grievance that was also ignored. (*Id.*) Fernandez-Morales submitted an informal grievance regarding the lack of medical attention and that his emergency grievances were ignored. (*Id.*)

On June 22, 2023, Fernandez-Morales was seen by Doctor Benson who ordered an x-ray, MRI, pain medication, and an appointment with an orthopedic specialist. (*Id.*) Fernandez-Morales received his pain medication eight days later. (*Id.*) On June 29, 2023, Fernandez-Morales was notified that he was being scheduled for an MRI of his ankle as well as an orthopedic evaluation. (*Id.*) On October 4, 2023, Fernandez-Morales received

1 an MRI. (*Id.* at 13.) His ankle was still swollen, inflamed, sensitive, and painful. (*Id.*)

On June 1, 2023, Fernandez-Morales submitted a grievance regarding C/O Halling's actions. (*Id.* at 5-6.) Medical Supervisor Rambur rejected Fernandez-Morales's grievances twice and instructed Fernandez-Morales not to re-submit his grievance. (*Id.* at 6.) Fernandez-Morales attempted to report the incident to Director Dzurenda, but Breitenbach intercepted his inmate request form. (*Id.*) Breitenbach informed Fernandez-Morales that he has already submitted a grievance and to wait for a formal response. (*Id.*)

In July 2023, Breitenbach requested that Fernandez-Morales provide his medical order because "no order was found." (*Id.*) In response, Fernandez-Morales asserted that parts of his medical record have disappeared. (*Id.*) Breitenbach clarified that he meant to inform Fernandez-Morales to always keep a copy of his medical order on his person. (*Id.*) Breitenbach never contacted Fernandez-Morales again despite informing him that the matter was being investigated. (*Id.*)

Defendants have now moved to dismiss the complaint, arguing (1) Defendants are entitled to qualified immunity, (2) Fernandez-Morales has failed to identify a viable deliberate indifference to serious medical needs claim, and (3) Fernandez-Morales has failed to establish the existence of a serious medical need. (ECF No. 24.)

A.   **Eighth Amendment – Deliberate Indifference to Serious Medical Needs**

Defendants argue Fernandez-Morales fails to identify a viable deliberate indifference to serious medical needs claim. (ECF No. 24 at 9-10.) Defendants argue that Fernandez-Morales "fails to present any evidence to support his claim that he had a medical need for the use of a walking cane," and thus fails to establish the existence of an objectively serious medical condition. (*Id.* at 9.) Further, Defendants argue to the extent Fernandez-Morales "claims he needed a medical order for a cane, based on the lack of a valid order from NDOC medical personnel in the documents he submitted, that is a difference of medical opinion…. [and] does not establish the existence of deliberate indifference." (*Id.*) Finally, Defendants argue that even assuming there was a delay in Fernandez-Morales's medical treatment, he has no additional injury as a result and his

claim fails. (*Id.* at 10.) In sum, Defendants argue Fernandez-Morales's complaint fails to state a deliberate indifference to serious medical needs claim. The Court disagrees.

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act ("PLRA"), a federal court must dismiss an incarcerated person's claim if the action "fails to state a claim on which relief may be granted…." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint.

Here, the District Court screened Fernandez-Morales's complaint pursuant to 28 U.S.C. § 1915A(a) and 28 U.S.C. § 1915(e)(2). (*See* ECF No. 7.) The Court specifically found:

> The Court finds that Plaintiff states a colorable claim for deliberate indifference to serious medical needs. Based on the allegations, Plaintiff injured his right ankle after C/O Halling confiscated his medically prescribed cane. Despite complaining of severe pain, Plaintiff did not receive an x-ray or pain medication until approximately one month after his injury and he did not receive an MRI until approximately four months after his injury. This claim will proceed against Defendants C/O Halling, Rambur, Breitenbach, C/O Days, Sullivan, and Benson.

(*Id.* at 7.) Because the District Court has already determined that Fernandez-Morales states a colorable Eighth Amendment claim against Defendants, and Defendants provide no additional basis for dismissal at this early stage of litigation, the Court recommends that Defendants' motion to dismiss, (ECF No. 24), for failure to state a claim be denied.

B.   **Qualified Immunity**

Next, Defendants argue that "[i]n the unlikely event this Court concludes that [Fernandez-Morales's] Complaint states a plausible claim of a violation under the Eighth Amendment, based on [Fernandez-Morales's] allegations, qualified immunity is still appropriate because there is no case that would put Defendants on 'clear notice' that

their actions in this particular case violated [Fernandez-Morales's] constitutional rights." (ECF No. 24 at 10-11.)

The Eleventh Amendment bars damages claims and other actions for retroactive relief against state officials sued in their official capacities. *Brown v. Oregon Dept. of Corrections*, 751 F.3d 983, 988–89 (9th Cir. 2014) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)). State officials who are sued individually may also be protected from civil liability for money damages by the qualified immunity doctrine. More than a simple defense to liability, the doctrine is "an entitlement not to stand trial or face other burdens of litigation . . ." such as discovery. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

When conducting a qualified immunity analysis, the Court asks "(1) whether the official violated a constitutional right and (2) whether the constitutional right was clearly established." *C.B. v. City of Sonora*, 769 F.3d 1005, 1022 (9th Cir. 2014) (citing *Pearson v. Callahan*, 555 U.S. 223, 232, 236 (2009)). A right is clearly established if it would be clear to a reasonable official in the defendant's position that his conduct in the given situation was constitutionally infirm. *Anderson v. Creighton,* 483 U.S. 635, 639–40, (1987); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 915 (9th Cir. 2012). In the context of a motion to dismiss, factual allegations are taken as true and are construed in the light most favorable to the nonmoving party. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001) (citation omitted).

First, Fernandez-Morales alleges the violation of a clearly established right—that Defendants denied and delayed him adequate medical care after confiscating a medically prescribed cane causing him to injury his ankle and suffer severe pain. *See Estelle v. Gamble*, 429 U.S. 97 (1976) (holding that the Eighth Amendment creates a constitutional obligation on the part of the government to provide prisoners adequate medical care); *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (a "plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.").

Second, a reasonable official would know that a denial of adequate medical treatment violates a plaintiff's Eighth Amendment rights, as the law was clearly established at the time period in question in this case. *See Estelle*, 429 U.S. at 103-05; *see also Jackson v. McIntosh*, 90 F.3d 332 (9th Cir. 1996). Accordingly, the Court recommends Defendants' motion to dismiss based on qualified immunity be denied.

## IV.   CONCLUSION

For good cause appearing and for the reasons stated above, the Court recommends that Defendants' motion to dismiss, (ECF No. 24), be denied.

The parties are advised:

1.   Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.   This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V.   RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Defendants' motion to dismiss, (ECF No. 24), be **DENIED**.

**DATED**: November 21, 2024.

_____
UNITED STATES MAGISTRATE JUDGE