UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| YOANDY FERNANDEZ-MORALES, *et al.*,<br><br>　　　　　　　　　　Plaintiff,<br>　v.<br>HALLING, *et al.*,<br>　　　　　　　　　　Defendants. | Case No. 3:23-cv-00490-MMD-CLB<br><br>ORDER |

**I.　SUMMARY**

Plaintiff Yoandy Fernandez-Morales, who is incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), sued prison employees and officials under 42 U.S.C. § 1983 for allegedly violating his Eighth Amendment rights arising out of an incident where a prison guard took his cane, causing him to injure himself. (ECF Nos. 7 (permitting the Eighth Amendment claim for deliberate indifference to serious medical needs to proceed), 8 ("Complaint").) Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Carla Baldwin (ECF No. 33), recommending the Court deny Defendants' pending motion to dismiss (ECF No. 24 ("Motion")). Defendants timely filed an objection to the R&R (ECF No. 34 ("Objection")) and Plaintiff responded to the Objection (ECF No. 35). Primarily because Defendants overlook the pertinent legal standard in their Objection—and as further explained below—the Court overrules the Objection and adopts the R&R in full.

**II.　DISCUSSION**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's R&R, the Court is required to "make a de novo

determination of those portions of the R&R to which objection is made." *Id.* Defendants object to Judge Baldwin's finding that Plaintiff states a plausible Eighth Amendment claim and her rejection of Defendants' qualified immunity argument. (ECF No. 34 at 2-3.) The Court will accordingly review those portions of the R&R de novo because of Defendants' Objection. (*Id.*) The Court first addresses the failure to state a claim argument, and then turns to the qualified immunity argument.

### A. Failure to State a Claim

Even after *Iqbal*, the Court must accept as true all well-pleaded factual allegations in the operative complaint; however, legal conclusions are not entitled to the assumption of truth. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In the second step of the *Iqbal* analysis, the Court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *See id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *See id.* at 678.

Both in the Motion and the Objection, Defendants overlook this standard by insisting that Plaintiff has failed to present sufficient evidence that he had a medical reason for needing a cane. (ECF No. 33 at 5 (describing one of Defendants' arguments in the Motion), 34 at 2-3 (referring to "other publicly available medical records showing the lack of additional injury"), 9-10 ("fails to present any evidence").) And much of Defendants' pertinent argument focuses on Defendants' assertion that Plaintiff has not proven he had a medical reason for a cane. (*Id.*) But Plaintiff alleges that Defendant and Correctional Officer Brandt Halling confiscated his "medical prescribed walking cane" issued under a "medical order" signed by "Doctor Omandac[,]"[1] causing Plaintiff to sprain his ankle. (ECF No. 8 at 4-5.) This portion of Plaintiff's Complaint also refers to an exhibit that Plaintiff alleges is the medical order permitting him to have a cane. (*Id.* at 5 (citing ECF No. 1-2 at 2).) This is sufficient, at the motion to dismiss stage, to plausibly allege that Plaintiff had a medical reason and authorization for his cane. And while Defendants

---

[1]This spelling may be incorrect because the handwriting is difficult to read.

2

make much of the fact that the medical order exhibit does not have Plaintiff's name on it, when read in conjunction with Plaintiff's Complaint, the Court can reasonably infer that it applies to Plaintiff. (ECF No. 34 at 9 (emphasizing that the document does not have Plaintiff's name on it).) Thus, when analyzing the Complaint under the correct legal standard, the Court reaches the same result as Judge Baldwin—Defendants' argument in their Motion that Plaintiff fails to state an Eighth Amendment claim is unpersuasive. Indeed, the Court made this determination in the screening order.[2] (ECF No. 7 at 7.)

Defendants also suggest that Judge Baldwin did not really grapple with their arguments in referring back to the Court's screening order in the R&R (*id.* at 2), but the Court's read is that Judge Baldwin was implicitly making a point that Defendants' counsel would be well-served to consider: a motion to dismiss will rarely accomplish much in a prisoner civil rights case that has recently been screened because screening itself is effectively a sua sponte motion to dismiss analysis. And Judge Baldwin did not ignore Defendants' arguments in their Motion; she summarized their arguments (the same arguments they urge in their Objection (ECF No. 33 at 5-6)), and ultimately found they "provide no additional basis for dismissal at this early stage of litigation" beyond what the Court already considered in the screening order (*id.* at 6). In sum, the Court adopts the R&R and denies the Motion to the extent it seeks dismissal based on Defendants' argument that Plaintiff failed to state a claim.

### B.  Qualified Immunity

And Defendants' qualified immunity argument rests on a similarly flawed premise to their failure to state a claim argument. Defendants argue Judge Baldwin "failed to identify clearly established case law narrowly tailored to the facts of this case, where Morales provided documentation with his complaint showing there was no validly executed medical order for him to use a cane." (ECF No. 34 at 3.) As explained above, this argument ignores the pertinent legal standard and the allegations in the Complaint—

---

[2] United States District Judge Larry R. Hicks issued the screening order. (ECF No. 7.) This case was later reassigned to the Court. (ECF No. 9.)

which the Court must take as true in evaluating the Motion—to the effect that Plaintiff was authorized to have the cane confiscated from him. Indeed, in rejecting Defendants' qualified immunity argument, Judge Baldwin noted in the R&R that Plaintiff, "alleges the violation of a clearly established right—that Defendants denied and delayed him adequate medical care after confiscating a medically prescribed cane causing him to injury his ankle and suffer severe pain." (ECF No. 33 at 7.) Defendants' qualified immunity argument accordingly misses the mark.

The facts as alleged in the Complaint bear repeating because they plausibly allege deliberate indifference on Halling's part. Plaintiff alleges in the Complaint that a group of correctional officers laughed at him while Halling demanded his cane. (ECF No. 8 at 4.) As Plaintiff was giving his cane to Halling, he explained that it was his 'medical prescribed cane,' that he could not walk upright without it, and that he may fall without it. (*Id.*) Halling told Plaintiff he did not believe him and made Plaintiff give him the cane. (*Id.* at 4-5.) Plaintiff further alleges that he collapsed on his way back to his cell because he did not have his cane, twisting his ankle, reaggravating an old injury, and causing him significant pain. (*Id.* at 5.) Taking a cane that someone needs for medical reasons—and indeed, injuring them because you took the cane away—plausibly constitutes deliberate indifference to a serious medical need.

Based on these allegations, Judge Baldwin correctly concluded (as noted above) that Plaintiff alleged a violation of a clearly established right, and that a reasonable prison official would know that a denial of adequate medical treatment would violate Plaintiff's Eighth Amendment rights. (ECF No. 33 at 7-8.) "To hold that the magistrate judge should have defined the right at issue more narrowly, and included all the various facts that [Defendants] recited in their [Objection], would be to allow [Defendants], and future defendants, to define away all potential claims." *Kelley v. Borg*, 60 F.3d 664, 667 (9th Cir. 1995) (affirming that a magistrate judge correctly defined incarcerated peoples' Eighth Amendment right to medical treatment that is not deliberately indifferent to their serious medical needs, like the way Judge Baldwin defined the right here). Defendants may raise

qualified immunity later in this case, but doing so in a motion to dismiss is premature given Plaintiff's plausible allegations. *See Kenney v. Hawaii*, 109 F. Supp. 2d 1271, 1279-80 (D. Haw. 2000) (finding it would be premature to find qualified immunity barred suit at the motion to dismiss stage because the allegations in the operative complaint, taken as true, suggested the defendants had been deliberately indifferent to the plaintiff's serious medical needs).

In sum, Defendants' Motion is premature, overlooks the pertinent legal standard, and thus rests in pertinent part on a false premise. The Court finds the Motion so unpersuasive that it borders on a waste of judicial resources.

### III. CONCLUSION

It is therefore ordered that Defendants' Objection (ECF No. 34) to Judge Baldwin's Report and Recommendation (ECF No. 33) is overruled.

It is further ordered that Judge Baldwin's Report and Recommendation (ECF No. 33) is accepted and adopted in full.

It is further ordered that Defendants' motion to dismiss (ECF No. 24) is denied.

DATED THIS 18th Day of December 2024.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE